IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

AIRLINES REPORTING )
CORPORATION, )
      Plaintiff, )
)
      v. )      Civil Action No. 1:11cv930
)
SARRION TRAVEL, INC., *et al.,* )
      Defendants. )
)

## MEMORANDUM OPINION

At issue on an objection to a Report and Recommendation is whether the magistrate judge erred in finding that plaintiff, Airlines Reporting Corporation ("ARC"), was not entitled to attorney's fees as part of a default judgment entered against defendants. A *de novo* review of the record reveals that ARC is entitled to some attorney's fees, although not the amount requested.

### I.

ARC filed this action on September 2, 2011 against defendants Sarrion Travel, Inc. ("Sarrion") and Edith Vargas ("Vargas"). ARC is a Delaware corporation engaged in the business of issuing travel documents and other forms to travel agents. Defendant Sarrion is a New York corporation that operates as a travel agency. Defendant Vargas is the owner and manager of Sarrion. ARC and Sarrion entered into an Agent Reporting Agreement ("ARA") which allowed Sarrion to obtain travel documents, such as airline tickets, from ARC for issuance to Sarrion's customers. In its complaint, ARC alleges that Sarrion breached the ARA when it failed to pay ARC for airline tickets. ARC also alleges that both Sarrion and Vargas breached their fiduciary duty to ARC and committed the intentional tort of conversion through the same

-1-

conduct.  ARC seeks $152,141.56 in damages, the amount it claims Sarrion owes ARC under the ARA, plus costs and attorney's fees.

Plaintiff served both defendants with process on October 19, 2011.  Neither defendant answered the complaint, appeared, or participated in this matter in any way.  As a result, on November 22, 2011, ARC obtained an entry of default from the Clerk pursuant to Rule 55(a), Fed.R.Civ.P., and then filed the motion for default judgment at issue here.  The matter was referred to the magistrate judge, pursuant to 28 U.S.C. § 636(b)(1), who then issued a timely Report and Recommendation ("R&R") on January 18, 2012.  In the R&R, the magistrate judge determined that there was subject matter jurisdiction on the basis of diversity of citizenship, and personal jurisdiction because defendants had transacted business in Virginia and utilized ARC's computer network in Virginia.  *See* R&R, 2-3 (*citing* 28 U.S.C. § 1332(a)(1), Virginia Code § 8.01-328.1(A)(1) and (B)).  The magistrate judge also found that venue was proper because the events giving rise to ARC's claim occurred in Virginia.  *See* R&R, 3 (*citing* 28 U.S.C. § 1391).

As the magistrate judge correctly recognized, the facts alleged in the complaint are deemed admitted in the event of default.  *See Globalsantafe Corp. v. Globalsantafe.Com*, 250 F.Supp.2d 610, 612 n. 3 (E.D. Va. 2003).  Yet importantly, default does not constitute an admission with respect to conclusions of law; instead, a court must "determine whether the well-pleaded allegations… support the relief sought."  *Ryan v. Homecomings Financial Network*, 253 F.3d 778, 780 (4th Cir. 2001).  In this respect, after considering the complaint and supporting evidence, the magistrate judge determined that ARC was entitled to relief on all three of its claims: (i) breach of contract, (ii) conversion, and (iii) breach of fiduciary duty.  Specifically, the magistrate judge recommended that ARC be awarded $152,141.56, the full amount alleged to be owed, as well as costs in the amount of $616.64 and post-judgment interest pursuant to 28 U.S.C.

-2-

§ 1961(a).  Finally, the magistrate judge recommended that no attorney's fees be awarded to ARC at this time.

ARC filed a timely objection to the R&R solely with respect to attorney's fees, arguing that an award of $60,856.62 in attorney's fees is proper.  Defendants, continuing their absence from this litigation, filed no objections.  A *de novo* determination must be made with respect to those portions of the R&R to which there was timely objection, namely the denial of attorney's fees.  *See* 28 U.S.C. § 636(b)(1).  The remainder of the R&R is reviewed to ensure "there is no clear error on the face of the record."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).  A review of the record, through the lens of these standards, reveals that, contrary to the magistrate judge's recommendation, ARC should be awarded some attorney's fees at this time, although not the amount requested, and that the magistrate judge did not err with respect to the remainder of its recommendations.

## II.

The ARA includes a fee-shifting provision which states that if Sarrion fails to make full payment of amounts owed to ARC then:

> In addition to any amounts due and owing by [Sarrion] under the ARA, [Sarrion] shall also be liable to ARC for any and all attorney's fees and costs actually incurred by ARC for the collection of such sums owing by [Sarrion].

ARA, p. 11.  Pursuant to this provision, ARC seeks attorney's fees in the amount of $60,856.62, which is 40% of the amount owed to ARC.  ARC bases this request on its fee agreement with counsel, which provides that counsel will be compensated "on a 25% contingent fee basis with respect to any and all sums recovered and collected from the Defendants on behalf of the Plaintiff in Virginia," and on a 40% basis "with respect to any and all sums recovered and

-3-

collected" when the matter is referred to out-of-state counsel for collection purposes, as must occur here because defendants reside in New York. *See* Gelber Declaration ¶ 3.

Because this is a diversity action in which attorney's fees are awarded on the basis of a contractual provision, Virginia law[1] governs whether fees are available and, if so, in what amount. *See Western Insulation, L.P. v. Moore*, 362 Fed. Appx. 375, 379 (4th Cir. 2010) ("As this case is a diversity action based on state contract law, the contract, including its provisions on attorneys' fees, is to be interpreted using state law.").[2]  To begin with, under Virginia law, "contractual provisions shifting attorneys' fees... are valid and enforceable." *Signature Flight Support Corp. v. Landow Aviation Ltd. Partnership*, 730 F.Supp.2d 513, 518 (E.D. Va. 2010). And, in this respect, the Supreme Court of Virginia has made clear that where, as here, such provisions do not fix the precise amount of the fees, "a fact finder is required to determine from the evidence what are reasonable fees under the facts and circumstances of the particular case." *Mullins v. Richlands National Bank*, 241 Va. 447, 449 (1991).   The burden is on the party seeking to recover fees – *i.e.*, ARC – to demonstrate that it is entitled to fees and that the amount

---

[1] The ARA includes a choice-of-law provision selecting Virginia law. *See* ARA, p. 24 ("This Agreement shall be construed in accordance with, and governed by, the laws of the Commonwealth of Virginia"). Because this is a diversity action, the governing substantive law, including choice of law rules, is that of the forum state — in this case, Virginia. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). And it is well-recognized that "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances." *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007). No such circumstances exist here; thus, the law of Virginia governs matters arising from the ARA.

[2] *See also In re Sure-Snap Corp.*, 983 F.2d 1015, 1017 (11th Cir. 1993) (state law applies where interpreting contractual attorney's fees provision in a diversity case); *Northern Heel Corp. v. Compo Industries, Inc.*, 851 F.2d 456, 475 (1st Cir. 1988) (same); *Roger E. Herst Revocable Trust v. Blinds to Go (U.S.) Inc.*, No. 10-3226, 2011 WL 6444980, at *1 (D. Md. Dec. 20, 2011) (same); *Palmetto Health Credit Union v. Open Solutions Inc.*, No. 3:08-cv-3848, 2011 WL 11702, at *2 (D.S.C. Jan. 4, 2011) (same); *Rohn Prods. Int'l, LC v. Sofitel Capital Corp.*, Civ. No. WDQ-06-504, 2010 WL 3943747, at *4 n. 13 (D. Md. Oct. 7, 2010) (same).

Case 1:11-cv-00930-TSE -TCB  Document 25  Filed 02/24/12  Page 5 of 12 PageID# 403

of fees requested is reasonable. *See Chawla v. BurgerBusters, Inc.*, 255 Va. 616, 623 (1998). In determining what amount of fees is reasonable, the Supreme Court of Virginia directs that:

> a fact finder may consider, *inter alia*, the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

*Id. See also West Square, L.L.C. v. Communication Technologies, Inc.*, 274 Va. 425, 433-435 (2007); *Mullins*, 241 Va. at 449. Another principle pertinent here is that, as the magistrate judge notes and ARC does not dispute, while ARC's contingency fee agreement with counsel is a factor considered in assessing what attorney's fees to award, it is not controlling. Rather, an independent evaluation of the reasonableness of the fee request is required.[3] It is also significant that, as Virginia law makes clear, where there is a fee-shifting provision in a contract, a party may recover attorney's fees for legal services not yet performed. In this respect, the Supreme Court of Virginia has instructed:

> If future services of an attorney will be required in connection with a case, the fact finder should make a reasonable estimate of their value. In so doing, the fact finder should estimate the time to be consumed, the effort to be expended, the nature of the services to be rendered, and any other relevant circumstances.

*Mullins*, 241 Va. at 449.

Although Virginia law governs, federal law – which requires consideration of similar factors – also may be consulted to the extent it is a "persuasive, nonconflicting guide in interpreting reasonable fees under Virginia law." *GE Supply, a Div. of General Elec. Co. v.*

---

[3] *See Job American Management Export Import - North Carolina, Ltd. v. Kaltone Petroleum*, No. 99cv24, 1999 WL 33228367, at *7 (E.D. Va. Dec. 10, 1999) (*citing Mullins*, 241 Va. at 449) (contingency fee arrangement "is of no relevance to the Court's determination as to the 'reasonable fees' owed by the defendants"). *See also U.S. v. Butts*, No. 6:11-1051, 2011 WL 4971424, at *2 (D.S.C. Sept. 14, 2011) (contingency fee agreement does not control what is a reasonable fee award).

-5-

*Thomas*, 62 F.3d 1414, at *7 (4th Cir. 1995) (unpublished table opinion).[4]  And in this respect,

the Fourth Circuit has provided clear guidance for courts to follow in evaluating the

reasonableness of claims for attorney's fees:

> In calculating an award of attorney's fees, a court must first determine a lodestar
> figure by multiplying the number of reasonable hours expended times a
> reasonable rate.  In deciding what constitutes a "reasonable" number of hours and
> rate, we have instructed that a district court's discretion should be guided by the
> following twelve factors:
>
> (1) the time and labor expended; (2) the novelty and difficulty of the questions
> raised; (3) the skill required to properly perform the legal services rendered; (4)
> the attorney's opportunity costs in pressing the instant litigation; (5) the
> customary fee for like work; (6) the attorney's expectations at the outset of the
> litigation; (7) the time limitations imposed by the client or circumstances; (8) the
> amount in controversy and the results obtained; (9) the experience, reputation and
> ability of the attorney; (10) the undesirability of the case within the legal
> community in which the suit arose; (11) the nature and length of the professional
> relationship between attorney and client; and (12) attorneys' fees awards in
> similar cases.

*Robinson v. Equifax Information Services, LLC*, 560 F.3d 235, 243-244 (4th Cir. 2009) (*citing*

the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.

1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)).[5]

---

[4] This is so because Virginia law and federal law are essentially congruent on the factors to
consider in assessing the reasonableness of a fee request. *See Signature Flight Support Corp. v.
Landow Aviation Ltd. Partnership*, 730 F.Supp.2d 513, 519 n. 3 (E.D. Va. 2010) (noting that
federal law regarding the reasonableness of attorney's fees "adequately, if not more extensively,
take[s] into account all the factors" considered in Virginia, and thus it is appropriate to look to
federal factors in determining reasonableness of fees).  Worth noting is that one circuit has held
that even in diversity cases, judicial review of contingency fees in settlements is governed by
federal rather than state law, as it relates to the conduct of members of the bar and therefore is
procedural. *See Mitzel v. Westinghouse Elec. Corp.*, 72 F.3d 414, 417 (3rd Cir. 1995).  That case
is not applicable here, as the attorney's fees here, unlike the contingency fee at issue in *Mitzel*,
are substantive, not procedural; they are, by contract, part of the damages to which ARC is
entitled.  In any event, the result reached here would be the same under either Virginia or federal
law.

Prior to assessing the reasonableness of ARC's fee request on the basis of the *Mullins/Robinson* factors discussed above, a threshold issue must be resolved: the precise meaning of the ARA provision that shifts "any and all attorney's fees and costs actually incurred by ARC for the collection of such sums owing by [Sarrion]." ARA, p. 11. The magistrate judge interpreted the phrase "actually incurred" to preclude an award of attorney's fees in this case because ARC has not yet paid any fees, nor is it obligated to do so at this time. To reach this conclusion, the magistrate judge reasoned that under the contingency fee agreement, no fees are paid to counsel until after a judgment is collected, and thus ARC has not yet "actually incurred" any attorney's fees.

This reading of the fee-shifting provision is unpersuasive; it runs counter to the provision's plain purpose and intent, which is to ensure that ARC recovers "*any and all attorney's fees* and costs actually incurred by ARC *for the collection*" of sums that Sarrion owes under the ARA. ARA, p. 11 (emphasis added). In other words, the provision's purpose or goal is to give ARC the means by which to recover *all* the fees and costs that it has expended or will expend in *collecting* sums due under the ARA. This purpose or goal is frustrated if the provision is read to allow recovery of only those fees already paid or already due and owing at the time of judgment. This is so because ARC's legal fees may not end with the entry of judgment; in order to complete "collection of such sums owing" by Sarrion, as the ARA provides, ARC may have to

---

[5] The Fourth Circuit has further instructed that where a court is reviewing a contingency fee agreement between an attorney and their client, it is proper to rephrase the sixth factor as "the contingency of a fee," which embodies the attorney's expectations and "places upon the district court the obligation to limit such fees to a reasonable amount." *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 n. 3 (4th Cir. 2010) (*quoting In re A.H. Robins Co., Inc.*, 86 F.3d 364, 376 (4th Cir. 1996)). While this is not a review of what a client is paying their attorney, it does involve a contingency fee agreement, and therefore it is appropriate to consider that agreement as part of factor 6, as well as factors 5 and 12.

incur further legal fees to enforce the judgment or to pursue a garnishment order. Moreover, where, as here, there is a contingency fee arrangement, no fees are paid or even due and owing at the time of judgment, and thus such a reading would never allow ARC to recover any contingent fees, let alone *all* fees incurred in the collection effort, as the ARA contemplates.[6]

But what then is the function of the ARA phrase "actually incurred"? Its function is not to add a temporal restriction to ARC's fee recovery right, but rather simply to ensure that the fees subject to recovery are limited to those fees that are demonstrated by ARC to be "actually incurred... *for the collection*" of sums owed by Sarrion and not incurred for any other purpose. ARA, p. 11 (emphasis added). In sum, the ARA's fee-shifting provision, contrary to the magistrate judge's conclusion, is not limited to recovery of fees already paid or due and owing at the time of judgment; rather, it extends to all fees that ARC demonstrates on this record have been incurred or, more likely than not, will be incurred in ARC's efforts to collect all sums owed by Sarrion under the ARA, whether those efforts occur in this action or in a subsequent collection or garnishment action.[7]

---

[6] To conclude otherwise would condemn ARC to bringing a new action each and every time it incurs a new fee in the collection process, an effort not only inefficient, but also likely to be resisted on *res judicata* or "claim-splitting" grounds because a defendant's liability for both the principal debt and the attorney's fees arises from the same breach of the same contract. *See Flora, Flora & Montague, Inc. v. Saunders*, 235 Va. 306, 310-311 (1988) ("A claim arising from an indivisible contract cannot be split and made the subject of separate actions, but, being a single cause of action, must be litigated in one suit.") (citations omitted). Only the result reached here avoids this anomalous consequence and gives full effect to the intent of the ARA fee-shifting provision. Future ARAs may do well to express this intent with greater clarity.

[7] This interpretation comports with both the provision's purpose and goal and a grammatical analysis. "Actually incurred" is a past participle phrase being used as an adjective and, as such, is not restricted to referencing the past. *See Waag v. Permann (In re Permann)*, 418 B.R. 373, 379 (BAP 9th Cir. 2009) ("As noted in one leading grammar treatise, both present and past participles 'can be used for referring to past present or future time' and the past participle 'signifies 'perfectiveness' or completion, but is not restricted to past time.'") (*quoting* S. Chalker

Given this, it is necessary to address whether, on this record, ARC has demonstrated that the amount of attorney's fees it seeks – $60,856.62 – is the reasonable amount of fees in this particular case. ARC does not dispute that only a reasonable amount of fees may be awarded and that the contingency fee agreement is not necessarily controlling of that amount. Nor does ARC dispute that it bears the burden of demonstrating the reasonableness of its fee request. Instead, ARC contends that the fee called for in the contingency fee agreement is the reasonable fee in these circumstances and should control. This argument is unpersuasive. To begin with, it is important to note that this was a routine and straightforward proceeding in which a default judgment was sought and obtained with no opposition by defendants and with minimal time and resources either required or expended. Yet, pursuant to its 40% contingency fee agreement, ARC seeks approximately $60,000 in attorney's fees, explaining this amount is divided equally between local and out-of-state counsel, such that each receives approximately $30,000. *See* Pl. Objection (Doc. 20), ¶ 8. On this record, $30,000 in fees for local counsel would plainly be excessive. According to local counsel's affidavit, only 23.3 hours of work were expended in this matter, which at the standard hourly rate charged by local counsel in "commercial matters such as this instant case," amounts to a lodestar figure of $6,990.00. *See* Gelber Declaration ¶ 6. To be sure, in some cases, given the amount of time expended and the role that contingency fee agreements play in providing access to the legal system, a contingency fee agreement may reflect a reasonable amount of attorney's fees. *Cf. In re Abrams & Abrams, P.A.*, 605 F.3d 238 (4th Cir. 2010). Not so here where only a modest amount of time and resources were expended by local counsel in what has been a relatively quick and simple proceeding. In sum, notwithstanding the

---

and E. Weiner, *The Oxford Dictionary of English Grammar* at pages 282 and 286–87 (1994)). ARC offers another grammatical argument, namely that "actually incurred" modifies only "costs" and not "attorney's fees." This reading is plausible but not alone persuasive.

parties' typical fee arrangement, their expectations at the outset of litigation, or the skill and experience of counsel, the parties' contingency fee agreement is not, on this record, persuasive as to a reasonable fee award.[8]

Of course, as ARC correctly points out, more fees are likely to be incurred in future efforts to collect sums due under the ARA, and an award based solely on the hours expended by local counsel thus far arguably does not, as required by the ARA, shift attorney's fees for the entire collection process. And, as noted *supra*, "if future services of an attorney will be required in connection with a case, the fact finder should make a reasonable estimate of their value." *Mullins*, 241 Va. at 449. But a fact finder may only do so on the basis of a record that allows the fact finder to make a reasonable judgment as to future fees that, more likely than not, will be incurred.[9] This record is too anemic to support ARC's demand of approximately $30,000 for future services. With respect to future fees, it includes only (i) an affidavit of ARC's counsel describing the contingency fee agreement, and (ii) an affidavit of a local attorney stating that such an agreement is fair and reasonable. ARC has not provided any evidence regarding the

---

[8] Invoking certain of the *Mullins/Robinson* factors above, ARC argues that the 40% award is appropriate based on (i) ARC's long-standing relationship with counsel (who has litigated hundreds of cases on ARC's behalf), (ii) the fact that this fee agreement is the typical arrangement between ARC and counsel, (iii) counsel's expectations with respect to fees at the outset of litigation, and (iv) counsel's skill, experience, and reputation. These factors are relevant to the reasonableness analysis, but do not, on this record, justify as reasonable the requested award.

[9] *See Shepherd v. Davis*, 265 Va. 108, 125 (2003) (burden on party seeking damages to prove "with reasonable certainty the amount of damages…; speculation and conjecture cannot form the basis of recovery") (quotation marks and citations omitted); *Schlegel v. Bank of America, N.A.*, 271 Va. 542, 556 (2006) (party must establish attorney's fees "to a reasonable degree of specificity") (*quoting Ulloa v. QSP, Inc.*, 271 Va. 72, 83 (2006)). *See also Chawla*, 255 Va. at 623 (party claiming attorney's fees pursuant to contractual fee-shifting provision has the burden of proving in its *prima facie* case that attorney's fees "are reasonable and… necessary").

number of hours that will likely be expended to collect the judgment or what reasonable fees in New York are for the legal services to be provided in this matter.

Although ARC has failed to demonstrate that the requested $60,856.62 fee is a reasonable fee in this matter, it remains to determine precisely what fees, if any, ARC has proven are reasonable.[10]   For the reasons discussed above, an award of $6,990.00, which reflects the amount of time actually expended and the rate typically charged for such services, is a reasonable fee for the work already completed.[11]   It is also readily apparent that future services will be required to collect the judgment in this case.  On this sparse record, though, the only reasonable estimate that can be made is that the work yet to be done is of approximately the same value as the work already completed, *i.e.* $6,990.00.  This conclusion is based on the contingent fee agreement's provision that local and out-of-state counsel will split the fees in this matter equally.  *See* Pl. Objection (Doc. 20), ¶ 8.  Doubling the fees for services already rendered is also appropriate because it reflects the risk of non-payment accounted for in the typical fee

---

[10] Importantly, although the contingency fee agreement is not conclusive *in this case* of a proper fee award, nothing said here nor the result reached here is intended to impair or affect in any way the contractual agreement between ARC and counsel.  Nor does this decision in any way preclude the conclusion that, in different circumstances or on a different record, such a contingency fee agreement may point persuasively to a reasonable fee award.

[11] ARC has satisfied its evidentiary burden with respect to the $6,990.00 in fees by providing (i) detailed billing information, including the number of hours spent on each particular task in this matter, which attorney performed those tasks, and the hourly rate charged by that attorney, and (ii) the affidavit of a local attorney, otherwise unconnected to this matter, stating that the rate and time expended are consistent with the local market rate and matters such as these.  *See Robinson*, 560 F.3d at 245 ("Examples of the type of specific evidence that we have held is sufficient to verify the prevailing market rates are affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community."); *Tazewell Oil Co. v. United Virginia Bank*, 243 Va. 94, 111-112 (1992) (time records can be sufficient to establish the reasonableness of attorney's fees).

arrangement between ARC and counsel.[12]   As a result, a reasonable award in this matter is twice the value of legal services provided thus far, namely $13,980.00.

III.

For the foregoing reasons, ARC's objection to the magistrate judge's R&R must be granted in part and denied in part.   It must be granted insofar as ARC is entitled to some attorney's fees at this time, and it must be denied insofar as ARC is not entitled to the amount it requests, *i.e.* $60,856.62.   Rather, a reasonable award of attorney's fees on this record is $13,980.00.[13]

An appropriate Order will issue.

/s/

**T. S. Ellis, III**
**United States District Judge**

Alexandria, Virginia
February 24, 2012

---

[12] It appears counsel represents ARC in many collection matters and, in some, even where ARC prevails and a judgment is entered against a defendant, counsel receives no compensation because that judgment is not collected.  The U.S. Supreme Court has made clear that contingency fee "enhancements" are not proper when awarding fees pursuant to a fee-shifting statute.  *See City of Burlington v. Dague*, 505 U.S. 557, 566-567 (1992).  This case is not only distinguishable because there is no fee-shifting statute, but also because there is far less concern here that accounting for the risk of non-payment will result in effectively compensating counsel for matters in which they do not prevail.  *Id.* at 565.  Here, there is a risk of non-payment not only where ARC does not prevail, but also where it does prevail but is unable to collect on the judgment.  As a result, it is proper to consider the risk of non-payment in assessing what a reasonable fee award is in these circumstances.  *Cf. In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010) (proper to consider risk when evaluating reasonableness of contingency fee award that it is part of a settlement).  This risk, along with the fact that future legal services will be required, makes it appropriate to double the fees that have already been incurred in this matter.

[13] Since both costs and attorney's fees are awarded pursuant to the ARA, and only Sarrion is a party to the ARA, costs and attorney's fees are awarded only against Sarrion.  *See* Compl. ¶¶ 28-35; Compl. Ex. 2.  Plaintiff did not object to the magistrate judge's award of costs solely against Sarrion and has not specifically argued that costs or attorney's fees should also be awarded against Vargas.  *See* R&R, 16.